La Merle K. HUNT, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 2607.

United States District Court
E. D. Texas,
Tyler Division.

July 2, 1959.

**666**

L. D. Gilmer, Houston, Tex., for plaintiff.

William M. Steger, U. S. Atty., Tyler, Tex., for defendant.

SHEEHY, Chief Judge.

### Findings of Fact

The above-styled action was tried to the Court without a jury on June 8, 1959, and the Court, after considering the pleadings, the evidence, and arguments of counsel, makes the following findings:

1. The taxpayer filed a federal income tax return for the year 1952 on April 22, 1953.

2. Representatives of the Internal Revenue Service examined and audited taxpayer's return and such representatives of the Internal Revenue Service in good faith contended that the taxpayer was liable for the penalty provided by Section 294(d) (1) (A) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 294 (d) (1) (A), and proposed a deficiency in the amount of $5,764.88 because of taxpayer's failure to timely file declaration of estimated tax for the year 1952.

3. The taxpayer in good faith contended that she was not liable for penalty in any amount.

4. There was a bona fide dispute between the taxpayer and the Internal Revenue Service as to whether the taxpayer's failure to timely file the declaration of estimated tax for 1952 was due to reasonable cause and not to willful neglect.

5. The Internal Revenue Service intended to make an assessment of a deficiency in the amount of $5,764.88 against the taxpayer, this being the amount which the Internal Revenue Service contended the taxpayer owed as penalty and being the amount of the deficiency proposed to be assessed.

6. The taxpayer did not file the declaration of estimated tax for the year 1952 within the time prescribed by the Internal Revenue Code.

7. The failure of the taxpayer to timely file the declaration of estimated tax was due to reasonable cause and not to willful neglect.

8. In January 1956 the taxpayer, acting through her duly authorized repre-

sentative, offered to settle the controversy between the taxpayer and the Internal Revenue Service with respect to such penalty by paying to the Internal Revenue Service the sum of $1,500 in lieu of the sum of $5,764.88 as contended for by the Internal Revenue Service.

9. On or about March 6, 1957, taxpayer submitted to the Internal Revenue Service an executed Form 870–AD, which was in effect an offer to settle on the proposed basis. Among other things, Form 870–AD provides that the offer is subject to acceptance by or on behalf of the Commissioner of Internal Revenue and that if the proposal is accepted by or on behalf of the Commissioner the case shall not be reopened nor shall any claim for refund be filed or prosecuted for the years affected in the absence of fraud, malfeasance, concealment or misrepresentation of material facts or an important mistake in mathematical calculations. This form was executed by taxpayer both in her individual capacity and as independent executrix of the Estate of L. C. Hunt, deceased.

10. There is no evidence in this case of any fraud, malfeasance, concealment or misrepresentation of material facts nor any mistake in mathematical calculations.

11. On March 7, 1956, the Commissioner of Internal Revenue, relying upon that offer, and believing that such offer was made in good faith, and believing that such offer was in full settlement of all controversy between the parties with respect to the penalty and proposed deficiency assessment, accepted such offer.

12. The Commissioner of Internal Revenue, in accepting such offer and as a result thereof, did forego the assessment of the penalty or the proposed deficiency against the taxpayer for the year 1952 in the amount of $5,764.88 for taxpayer's failure to file declaration of estimated tax, which assessment would have had to be made not later than April 22, 1956, since after that date such proposed assessment would have been barred.

13. The claim for refund upon which this action is based was not filed by taxpayer until about November 12, 1957.

### Conclusions of Law

1. Under the above findings of fact, the doctrine of equitable estoppel is applicable in this case.

2. Under the ruling in Daugette v. Patterson, 5 Cir., 250 F.2d 753, certiorari denied 356 U.S. 902, 78 S.Ct. 561, 2 L.Ed. 2d 580, the plaintiff is estopped from asserting this claim for refund and from maintaining this action for refund.

3. Judgment will be entered for the defendant and plaintiff's action will be dismissed with prejudice, defendant to have judgment for its costs.